# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2022

Lyle W. Cayce
Clerk

No. 21-11248
Summary Calendar

Lindsey Kent Springer, #02580-063,

*Plaintiff—Appellant*,

*versus*

United States; Mark Christian, Food and Drug Administration; Ernesto Rosales, Assistant Warden at Forrest City; Bureau of Prisons,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-03088-B-BH

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Lindsey Springer is a former federal inmate who alleges he was exposed to asbestos, mold, and secondhand smoke while working a prison job in the custody of the Bureau of Prisons (BOP).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Accordingly, he brought a *Bivens* action against two BOP employees in their individual capacities, claiming that the BOP employees were deliberately indifferent to his health and safety in violation of his Eighth Amendment rights.  The district court dismissed the claims with prejudice, concluding that (1) Springer's claims arose in a "new context"; (2) special factors counseled against extending *Bivens* to Springer's claims; and (3) even if *Bivens* extended to Springer's claims, they failed on their merits because he could not show deliberate indifference.  *Springer v. United States*, No. 3:20-CV-3088-B (BH), 2021 WL 4552239, at \*14–18 (N.D. Tex. Aug. 24, 2021), *report and recommendation adopted*, No. 3:20-CV-3088-B (BH), 2021 WL 4859636 (N.D. Tex. Oct. 19, 2021).  Springer appealed.  We AFFIRM.

The Supreme Court has authorized an implied damages remedy against federal officers for constitutional violations (*Bivens* action) only three times.  *See Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim for failure to provide adequate medical treatment to inmate); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim for gender discrimination); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Fourth Amendment claim for unreasonable search and seizure); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017) (discussing *Carlson*, *Davis*, and *Bivens*).  *Bivens* does not extend to "new contexts"—that is, those that are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."  *Butler v. S. Porter*, 999 F.3d 287, 294 (5th Cir. 2021), *cert. denied sub nom. Butler v. Porter*, 142 S. Ct. 766, 211 L. Ed. 2d 480 (2022) (quoting *Abbasi*, 137 S. Ct. at 1864).

This is a new context.  To be sure, Springer asserts an Eighth Amendment claim, for which the Supreme Court authorized a *Bivens* remedy in *Carlson*.  But *Carlson* involved a deliberate indifference to medical needs claim, whereas Springer's claim is essentially for failure to provide a safe

working environment (condition of confinement claim). Both arise under the Eighth Amendment, but that is about all they have in common.

Springer does not claim that he had a serious medical condition for which he did not receive treatment. Nor does he claim that he received inadequate medical treatment. Rather, he claims that the defendants failed to recognize the presence of asbestos and mold, which prevented him from being able to provide information to medical staff about his asbestos and mold exposure. Not only that, but Springer acknowledges that the defendants cleaned the rooms that he alleges contained asbestos and mold and ordered new doors for the rooms to improve airflow. This case is much different than *Carlson*.

Moreover, as the district court recognized, special factors counsel against extending *Bivens* here. First, Springer had adequate alternative remedies available to him—including the Inmate Accident Compensation Act and the BOP's administrative remedy program. Second, Congress has legislated (post-*Carlson*) regarding prisoners' rights and has had the opportunity to extend *Carlson* to other "kinds" of prisoner claims under the Eighth Amendment. But it has not done so. Whether and to what extent *Bivens* extends to the kind of claim Springer advances is an issue best left for Congress to address.

*       *       *

The district court properly dismissed Springer's *Bivens* claims. The judgment is AFFIRMED.

3